# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE CELESTE SCHULTZ,<br><br>                              Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZKI, Acting Commissioner of Social Security,<br><br>                              Defendant. | Case No.: 20-cv-2196-MMA-BGS<br><br>**SCHEDULING ORDER FOR JOINT MOTION FOR JUDICIAL REVIEW OF FINAL DECISION OF THE COMMISSIONER OF SOCIAL SECURITY** |

On November 10, 2020, Plaintiff filed a Complaint against Defendant Commissioner of Social Security seeking judicial review of the denial of her application for disability benefits. (ECF 1.)  Defendant filed the Administrative Record on April 8, 2022.[1]  (ECF 18.)

Pursuant to Rule 16.1(e)(3) of the Civil Local Rules, an Early Neutral Evaluation/ Case Management Conference is not required to be held in this case.  The Court hereby enters the following scheduling order:

///

---

[1] The progression of the case was delayed by issues with completion of service (ECF 8-12) and preparation of the Administrative Record (ECF 14-17).

## I. MANDATORY SETTLEMENT PROCEDURES

The parties shall engage in good faith settlement negotiations to resolve the matter, according to the following schedule:

    A.    On or before **May 6, 2022**, plaintiff shall prepare and deliver by e-mail to the Special Assistant United States Attorney ("SAUSA") representing the Commissioner (or, if no SAUSA is assigned to the case, to the assigned Assistant United States Attorney ("AUSA")) a written and detailed proposal of settlement.

    B.    Within **twenty-one (21) days** of receipt of the written settlement proposal, the Commissioner shall evaluate the merits of plaintiff's contentions and confer with plaintiff's counsel in writing by mail, e-mail, or facsimile transmission.[2]

    C.    On or before **May 16, 2022**, one of the following actions shall occur:

        1.    The parties shall electronically file a stipulation dismissing, remanding, or otherwise resolving the case; or

        2.    The parties shall electronically file a Joint Status Report advising the Court that they have not resolved the matter in settlement discussions.

## II. JOINT MOTION FOR JUDICIAL REVIEW OF FINAL DECISION OF THE COMMISSIONER OF SOCIAL SECURITY

If the parties cannot resolve the matter in settlement discussions before the deadlines set forth in this order, the parties shall electronically file a Joint Motion for Judicial Review of Final Decision of The Commissioner of Social Security ("Joint Motion for Judicial Review") in the manner, and according to the schedule, set forth below.  In light of the Joint Motion for Judicial Review requirements set forth in this order, the parties are hereby excused from Civil Local Rule 7.1(e)(6)'s briefing requirements.  The parties shall cooperate in preparing the Joint Motion for Judicial Review, and sanctions may be imposed for any failure to cooperate.  A Joint Motion for

---

[2] These minimum requirements regarding settlement do not preclude the parties from engaging in additional settlement discussions that may result in resolution of the case.

Judicial Review that is not signed by counsel for both parties may be rejected and stricken by the Court. A Joint Motion for Judicial Review that is electronically filed, but that is not prepared in the manner required by this order, may be stricken, and the parties will be required to cure the defects by electronically filing an Amended Joint Motion for Judicial Review.

### III.  CONTENT OF JOINT MOTION FOR JUDICIAL REVIEW

The Joint Motion for Judicial Review shall include a brief summary of the case, the parties' positions with respect to the Administrative Law Judge's ("ALJ") summary of the material medical evidence and testimony of record, a statement of the disputed issues, the parties' contentions with respect to each disputed issue, and the parties' statements of the relief requested. Any issue not raised in the Joint Motion for Judicial Review may be deemed to have been waived. Because the Court is familiar with the standard of review and the sequential evaluation process, the parties should avoid boilerplate discussions of these legal standards. Rather, the parties should focus on applying relevant and controlling legal authority applicable to the facts of this case on disputed issues. When citing cases, statutes, regulations, Social Security Rulings, medical and vocational reference sources, or other legal authority to support their legal arguments, the parties shall provide complete and accurate citations to the portions of those authorities relied upon. The parties shall also specify the evidence upon which they rely to support their contentions, and provide accurate page citations to the administrative record for all evidence relied upon ["AR ___"]. In addition, all medical terminology (including medical conditions, diagnoses, procedures, tests, anatomical references, and pharmaceuticals) shall be defined in terms understandable to a layperson, preferably by citation to a medical dictionary or glossary from a standard reference work. The parties may not supplement the record beyond definition of technical terms.

### IV.  FORM OF JOINT MOTION FOR JUDICIAL REVIEW

The Joint Motion for Judicial Review shall be prepared in the following format, and shall comply with the local rules governing form and typeface:

### A. Summary of the Case

Plaintiff shall provide a brief summary of the relevant background facts and procedural history. The Commissioner need not respond to plaintiff's summary, unless the Commissioner believes that plaintiff's summary misstates, mischaracterizes, or omits any material facts or proceedings.

### B. Medical Evidence

Plaintiff shall state whether plaintiff will stipulate that the ALJ's decision fairly and accurately summarizes the material medical evidence and testimony of record. If not, plaintiff shall either (a) specify the respects in which plaintiff contends the ALJ's decision misstates, mischaracterizes, or omits any of the material medical evidence and/or testimony of record, or (b) state that the contentions of misstatement, mischaracterization, or omission are addressed in the argument in support of the Joint Motion for Judicial Review.

The Commissioner shall state whether the Commissioner will stipulate that the ALJ's decision fairly and accurately summarizes the material medical evidence and testimony of record. If not, the Commissioner shall either (a) specify the respects in which the Commissioner contends that the ALJ's decision misstates, mischaracterizes, or omits any of the material medical evidence and/or testimony of record, or (b) state that the contentions of misstatement, mischaracterization, or omission are addressed in the argument in support of the Joint Motion for Judicial Review.

### C. Statement of Disputed Issues

Plaintiff shall identify and frame, in a neutral fashion, each of the disputed issues that plaintiff is raising as the grounds for reversal and/or remand. [Example: "Issue No. 1 – Whether the ALJ properly evaluated plaintiff's subjective complaints of pain."]

### D. Issues and Contentions

1. Issue No. 1 [The heading shall conform to the first issue listed in the Statement of Disputed Issues.]

   a. Plaintiff's Contentions Regarding Issue No. 1 [Plaintiff shall concisely set forth plaintiff's contentions (including citations to the page(s) of the administrative record recited evidence is found, complete citations to relevant legal authority, and definitions of medical terminology).]

   b. The Commissioner's Contentions Regarding Issue No. 1 [The Commissioner shall concisely set forth The Commissioner's contentions (including citations to the page(s) of the administrative record where cited evidence is found, complete citations to relevant legal authority, and definitions of medical terminology).]

   c. Plaintiff's Reply Regarding Issue No. 1 [Plaintiff may, but is not required to, briefly reply to the contentions actually raised by the Commissioner; provided, however, that any such reply does not exceed two pages per issue.]

  2. Issue No. 2, etc. [Repeat the foregoing format as needed.]

 E. **Relief Requested**

  1. Plaintiff's statement of relief requested.

  2. The Commissioner's statement of relief requested.

## V. SCHEDULE FOR PREPARATION & FILING OF JOINT MOTION FOR JUDICIAL REVIEW

The Joint Motion for Judicial Review shall be prepared and electronically filed according to the following schedule:

 A. Within **thirty-five (35) days** of the filing of the Joint Status Report, plaintiff's counsel shall prepare and deliver to the SAUSA or AUSA a draft of plaintiff's portions of the Joint Motion for Judicial Review (prepared as described in section IV). Plaintiff's counsel shall provide the SAUSA or AUSA and the Office of Regional Counsel with a printed copy of plaintiff's portions of the Joint Motion for Judicial

Review and two computer-readable electronic copies on a USB thumb/flash drive or via e-mail (one electronic copy must be in an editable word processing format, such as Microsoft Word, and the other electronic copy should be in .pdf format).  The draft of plaintiff's portions of the Joint Motion for Judicial Review shall comply with the format and content requirements set forth elsewhere in this order.

      B.      Within **thirty-five (35) days** of the date on which plaintiff's counsel provides the SAUSA or AUSA and the Office of Regional Counsel with the draft of plaintiff's portions of the Joint Motion for Judicial Review, the Commissioner shall provide to plaintiff's counsel the Commissioner's portions of the Joint Motion for Judicial Review, and shall deliver a printed and two computer-readable copies[3] of the Commissioner's portions of the Joint Motion for Judicial Review to plaintiff's counsel.

      C.      Within **fourteen (14) days** after the Commissioner provides plaintiff's counsel with the Commissioner's portions of the Joint Motion for Judicial Review, plaintiff's counsel shall incorporate into the Joint Motion for Judicial Review any reply that plaintiff may wish to make to the Commissioner's contentions, and shall deliver a completed copy of the Joint Motion for Judicial Review signed by plaintiff to the SAUSA or AUSA for review, signature and electronic filing.  Plaintiff shall not use the reply to raise new issues that the Commissioner has not had an opportunity to address.

      D.      Within **seven (7) days** of delivery by plaintiff's counsel of the signed Joint Motion for Judicial Review, the SAUSA or AUSA shall sign and electronically file the Joint Motion for Judicial Review.  Based on this schedule, the Joint Motion for Judicial Review must be filed no later than **August 15, 2022**.

## VI.    ORAL ARGUMENT

Unless otherwise ordered, the issues presented in any Joint Motion for Judicial Review shall be deemed submitted for decision without oral argument.

---

[3] As was required of plaintiff's counsel, one electronic copy must be in an editable word processing format, such as Microsoft Word, and the other electronic copy should be in pdf format.

## VII. MOTIONS TO AMEND AND COMPLIANCE WITH THIS ORDER

The deadlines set forth in this order are designed to give parties exercising reasonable diligence sufficient time to perform the required acts without seeking extensions of time. Accordingly, requests for extensions of time are discouraged. Any motion requesting a modification of this scheduling order should be filed no less than **seven (7) days** in advance of the deadline(s) at issue and shall comply with the undersigned's Chambers Rules (available on the district court's website).

**IT IS SO ORDERED.**

Dated: April 11, 2022

Hon. Bernard G. Skomal
United States Magistrate Judge