# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE S., <br><br>　　　　　　　　　　Plaintiff, <br><br>v. <br><br>MARTIN O'MALLEY, Commissioner of Social Security, <br><br>　　　　　　　　　　Defendant. | Case No. 20-cv-2196-MMA (BGS) <br><br>**ORDER GRANTING MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)** <br><br>[Doc. No. 29] |

Brian Shapiro, counsel for Plaintiff Marie S., moves for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $18,000.00 from Plaintif's recovery of approximately $116,964.00 of past-due social security benefits, with a credit to Plaintiff for the EAJA fees previously paid in the amount of $5,250. Doc. No. 29. Plaintiff has not responded to Attorney Shapiro's request, and the Social Security Commissioner (the "Commissioner") does not take a position on the reasonableness of the requested amount. *See* Doc. No. 33. The Court found this matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. *See* Doc. No. 34. For the reasons set forth below, the Court **GRANTS** the motion.

## I. BACKGROUND

On November 10, 2020, Plaintiff filed this social security appeal challenging the denial of her application for disability insurance benefits. *See* Doc. No. 1 ¶¶ 6–9. The Court referred all matters arising in this social security appeal to the assigned Magistrate Judge for report and recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.1. *See* Doc. No. 6. On February 28, 2023, the Magistrate Judge issued an R&R recommending that the Court remand the case for further administrative action to determine whether Plaintiff is disabled. *See* Doc. No. 25. No Objections to the R&R were filed, and so the Court adopted the R&R, granted Plaintiff's motion for summary judgment, and remanded the matter to the Social Security Administration for further administrative proceedings consistent with the Court's Order and the R&R. *See* Doc. No. 26 at 1–2. Thereafter, pursuant to the parties' stipulation, *see* Doc. No. 27, the Court awarded Plaintiff attorney fees and expenses in the total amount of $5,250.00 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) and costs in the amount of $400.00 under 28 U.S.C. § 1920, *see* Doc. No. 28.

On remand, the Commissioner awarded Plaintiff $116,964.00 in past-due benefits. *See* Doc. No. 29-1 at 4. Now, pursuant to a contingency fee arrangement, Attorney Shapiro requests that the Court order payment of attorney's fees in the amount of $18,000.00 and reimbursement of $5,250.00 to Plaintiff. *Id.*

## II. LEGAL STANDARD

"Under 42 U.S.C. § 406(b), a court entering judgment in favor of [a social security] claimant who was represented by an attorney 'may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.'" *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (quoting § 406(b)(1)(A)). "Within the 25 percent boundary, . . . the attorney for the successful

claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).[1]

"[A] district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee agreements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). When determining reasonableness, the court must consider "whether the amount need be reduced, not whether the loadstar amount should be enhanced." *Id.* at 1149. While there is not a definitive list of factors, courts should consider "the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. "The court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151. Finally, any fee award under § 406 must be offset by any award of attorney's fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796.

### III. DISCUSSION

In an agreement between Plaintiff and the Law Offices of Lawrence D. Rohlfing dated October 20, 2020, Plaintiff agreed to pay counsel 25% of any past-due benefits awarded by the Commissioner. *See* Doc. No. 29-2 ("Ex. 1"). The parties entered into this agreement prior to initiating this action, and there is nothing in the record to suggest the agreement was reached by improper means. Counsel for Plaintiff spent 24.5 hours litigating this case in Court, resulting in this Court's order granting Plaintiff summary judgment and remanding the case for further administrative proceedings, which

---

[1] The lodestar calculation does not apply to determine reasonableness of fees under § 406(b). *Gisbrecht*, 535 U.S. at 802 (explaining that the lodestar method is applicable to "disputes over the amount of fees properly shifted to the loser in the litigation" whereas "Section 406(b) is of another genre: [i]t authorizes fees payable from the successful party's recovery"); *see also Crawford*, 586 F.3d at 1148 ("SSDI attorneys' fees, in contract [with fees authorized pursuant to fee-shifting statutes], are not shifted. They are paid from the award of past-due benefits and the amount of the fee, up to 25% of past-due benefits, is based on the agreement between the attorney and the client.") (internal citation omitted).

ultimately resulted in a favorable decision on remand.  *See* Doc. No. 29-1 ¶ 5 ("Shapiro Decl.").  Plaintiff received an award of $116,964.00 in retroactive benefits.  Shapiro Decl. ¶ 4.  Plaintiff's counsel seeks $18,000.00 in attorney's fees, which constitutes approximately 16% of the past-due award and which is a proper amount under § 406(b)(1)(A).

The Court further finds there is no proper basis to reduce the award, and it is reasonable.  There is nothing in the record to suggest substandard performance, delay, or a disproportionate amount of time spent on this case relevant to the benefits at stake.  To the contrary, as a result of counsel's work, Plaintiff received a highly favorable decision and a significant award of past-due benefits.  The effective hourly rate is approximately $735.00, which is within the range of rates awarded by other courts.  *See* Crawford, 586 F.3d at 1153 (approving effective hourly rates of $519, $875, and $902); *see e.g., Likens v. Colvin*, No. 11CV0407-LAB (BGS), 2014 WL 6810657, at *2 (S.D. Cal. Dec. 2, 2014) (effective hourly rate of $666.68 per hour); *Nash v. Colvin*, No. 12CV2781-GPC (RBB), 2014 WL 5801353, at *2 (S.D. Cal. Nov. 7, 2014) (effective hourly rate of $656 per hour); *Sproul v. Astrue*, No. 11CV1000-IEG (DHB), 2013 WL 394053, at *2 (S.D. Cal. Jan. 30 2013) (effective hourly rate of $800 per hour); *Richardson v. Colvin*, No. 15-cv1456-MMA (BLM), 2017 WL 1683062, at *2 (S.D. Cal. May 2, 2017) (effective hourly rate of $770 per hour).  Thus, based on the character of counsel's representation and the favorable results achieved, the Court finds the requested fees in the amount of $18,000 are reasonable.

## IV. CONCLUSION

Based upon the foregoing, the Court **GRANTS** Plaintiff's counsel's motion for attorney's fees under 42 U.S.C. § 406(b) and **APPROVES** an award in the amount of $18,000.00.  Consistent with the Commissioner's statement of position, *see* Doc. No. 33, the Court declines to order the Commissioner to make this payment but rather **DIRECTS** that any fees ultimately withheld for counsel be made payable to the Law Offices of Lawrence D. Rohlfing, Inc., CPC as set forth in counsel's motion.  The Court further

1  **ORDERS** Plaintiff's counsel to refund Plaintiff $5,250.00 in EAJA fees that counsel
2  previously accepted for work.
3          **IT IS SO ORDERED**.
4  Dated: September 11, 2024

  _Michael M. Anello_
  HON. MICHAEL M. ANELLO
  United States District Judge